UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | CAUSE NO.: 1:08-CR-67-TLS |
| | ) | |
| DARNAY D. WILSON | ) | |

**OPINION AND ORDER**

On May 29, 2012, the Court entered an Opinion and Order [ECF No. 64] denying the Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody filed by the Defendant, Darnay D. Wilson. The docket indicates that the May 29 Opinion and Order and the Amended Judgment [ECF No. 66] were initially sent to the wrong address, but that the Clerk resent both documents to the Defendant at his correct address on June 11, 2012. The Defendant filed nothing in the record between June 11, 2012, and May 12, 2013.

Presently before the Court is a Motion for Enlargement of Time Pursuant to Fed.R. Civ. P. 6(b) [ECF No. 68] filed by the Defendant on May 13, 2013. In his Motion, the Defendant requests "an enlargement of time in this matter, in order to permit [the Defendant] to respond to the Government's (Court's) denial of his 28 U.S.C. 2255 Motion." (Mot. for Enlargement of Time, ECF No. 68 at 1.) The Defendant discusses the frequent lockdowns at FCC Allenwood, his difficulties in accessing the law library or legal materials, and his efforts to obtain legal representation, all in support of a specific request for a 180 day "enlargement of time for the cause shown." (*Id.* at 4.)

A defendant may challenge the denial of a § 2255 petition by filing a notice of appeal within 60 days of the entry of judgment. Fed. R. App. P. 4(a)(1)(B). Additionally, a defendant may file a motion for relief from a judgment or order under Rule of Civil Procedure 60(b). That

Rule states:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b); *see Cash v. Ill. Div. of Mental Health*, 209 F.3d 695, 698 (7th Cir. 2000) (stating that the "factors that could render [a] judgment vulnerable to attack" under Rule 60(b) include "mistake, inadvertence, surprise, excusable neglect, newly discovered evidence or fraud"). "Relief under Rule 60(b) is an extraordinary remedy granted only in exceptional circumstances." *Nelson v. Napolitano*, 657 F.3d 586, 589 (7th Cir. 2011). A district court's decision to deny a Rule 60(b) motion is reviewed for abuse of discretion. *Id.* Rule 60(b) requires a party to "raise a new ground for setting aside the judgment," meaning "something that could not have been used to obtain a reversal by means of a direct appeal." *Kiswani v. Phoenix Sec. Agency, Inc.*, 584 F.3d 741, 742 (7th Cir. 2009). Absent any new argument, a motion under Rule 60(b) must be denied. *Id.*

The Defendant's Motion for Enlargement of Time does not indicate in what manner the Defendant believes he may challenge the Court's May 29, 2012, Opinion and Order, entered nearly one year ago. Because he has presented a vague request, and because it appears he has no basis to respond to the Court's entry of final judgment, the Court DENIES the Motion for Enlargement of Time [ECF No. 68].

2

SO ORDERED on May 20, 2013.

                                           s/ Theresa L. Springmann
                                          THERESA L. SPRINGMANN
                                          UNITED STATES DISTRICT COURT