UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO.: 1:08-CR-67-HAB |
| | ) | |
| DARNAY WILSON | ) | |

## OPINION AND ORDER

Darnay Wilson ("the Defendant") moved to reduce his sentence under the Compassionate Release provisions of 18 U.S.C. §3582(c)(1)(A). (ECF No. 124). This is the Defendant's second such motion. Defendant's first motion was denied (ECF Nos. 96, 114), he appealed (ECF No. 115), and the Seventh Circuit affirmed (ECF No. 123). Notably, the Seventh Circuit concluded that the Defendant's argument that his medical conditions and the threat of COVID-19 made him more susceptible to a serious risk of harm was foreclosed by Seventh Circuit precedent. See *United States v. Ugbah*, 4 F.4th 595, 597 (7th Cir. 2021) (citing *United States v. Broadfield*, 5 F.4th 801, 802–03 (7th Cir. 2021)). The Seventh Circuit also affirmed this Court's determination that the seriousness of the Defendant's offense and his extensive criminal history independently supported the denial of his motion. Now Defendant makes a second pitch, most of which is repetitive of his first attempt at a sentence reduction. All the same, because the Defendant failed to exhaust *all* his administrative remedies with the BOP, the Defendant's Motion will be DENIED.

## PROCEDURAL BACKGROUND

On August 27, 2008, the Defendant was charged in a two count Indictment with: (1) bank robbery by force and violence and aiding and abetting in violation of 18 U.S.C. §§ 2113(a) and (d) and § 2 (Count 1); and (2) use of a firearm during and in relation to a crime of violence and aiding and abetting in violation of 18 U.S.C. §§ 924(c) and § 2 (Count 2). (Indictment, ECF No.

12). Surveillance footage along with witness statements revealed that three men wearing masks and displaying guns entered the bank. They ordered the bank employees to lie on the ground and demanded to know where the money was located. (Presentence Investigation Report, ECF No. 44 ¶ 18). The Defendant and his co-conspirators obtained more than $14,000 from the bank. But during the getaway, a dye pack included with the money exploded and stained the money, bag, and robbers with red dye. Later, the Defendant confessed to his participation in the bank robbery. (*Id.* ¶ 27).

The Defendant pleaded guilty to the offenses. (ECF No. 30). He was sentenced to a total term of imprisonment of 308 months with five years of supervised release to follow. The Defendant is now incarcerated at FCI Pekin in Pekin, Illinois with an anticipated release date in November 2030.

## **DISCUSSION**

For most of the life of the COVID-related compassionate release phenomenon, there was considerable confusion on whether exhaustion of remedies was jurisdictional, a claims-processing rule, or unnecessary. That confusion was resolved, at least in this circuit, by the Seventh Circuit's decision in *United States v. Sanford*, 986 F.3d 779 (7th Cir. 2021). There, the Court answered affirmatively the question of "whether the exhaustion requirement is a mandatory claim-processing rule and therefore *must* be enforced when properly invoked." *Id*. at 782 (original emphasis). Where, as here, the Government raises exhaustion as a defense (*see* ECF No. 127 at 6), a defendant must show that he has presented his request for release to the warden at his facility, and either: (1) he has exhausted administrative appeals (if the request was denied); or (2) he has waited "30 days from the receipt of such a request by the warden of the defendant's facility" to seek relief from the Court. 18 U.S.C. § 3582(c)(1)(A). Exhaustion is required each time a defendant seeks

2

compassionate release. *United States v. Cain*, 2021 WL 388436, at *4 (D. Me. Feb. 3, 2021) (collecting cases).

Defendant asserts that he properly exhausted his remedies by filing a request with the warden which was denied on August 9, 2022. Although the correspondence from the warden advises the Defendant of his appeal avenue, Defendant has never suggested he appealed this denial nor has he presented any proof of it. *See Sanford*, 986 F.3d at 781–82 ("the defendant must first present his request for compassionate release to the warden *and exhaust administrative appeals* (if the request is denied)…"). Thus, even if the Court accepts that he started the exhaustion process by writing to the warden before filing his request for compassionate release, that request alone does not show that he has fully exhausted his available administrative remedies after the warden denied his request.

Prisoners need to take the exhaustion process seriously. Exhaustion is not and should not be considered a useless bureaucratic endeavor. It ensures that the Bureau of Prisons has a chance to "articulate [its] decision and rationale" vis-à-vis a particular request for compassionate release, thus giving the district court the benefit of BOP's input. *United States v. Gunn,* 980 F.3d 1178, 1180 (7th Cir. 2021). Defendant did not exhaust his remedies for his successive compassionate release motion and, for this reason, the Court dismisses his motion.[1]

---

[1] Even if Defendant had exhausted his administrative remedies, he has an uphill battle. As the Seventh Circuit explained when it denied Defendant's first compassionate release request, the ability of prisoners to win compassionate release based on the risk of contracting COVID-19 in prison is all but eliminated. The BOP offers COVID-19 vaccination to all federal prisoners. *Ugbah,* 4 F.4th at 597(citing COVID-19 *Vaccine Guidance* (Mar. 11, 2021)). A prisoner who is medically able to receive or benefit from the available vaccines cannot use the risk of COVID-19 to obtain compassionate release. *Id.* Second, Defendant's arguments that his sentence is illegal and there was insufficient evidence to support the bank robbery charge are foreclosed by the Seventh Circuit's decision in *United States v. Thacker*, 4 F.4th 569, 573 (7th Cir. 2021) (absent a finding of extraordinary and compelling circumstances, an intervening change in the law or alleged sentencing errors are not an independent basis for seeking compassionate release).

## **CONCLUSION**

For the above reasons, the Defendant's Motion for Compassionate Release under 18 U.S.C. §3582(c)(1)(A)(i) is DENIED. (ECF No. 124).

SO ORDERED on March 14, 2023.

    s/ *Holly A. Brady*
JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT